UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SPENCER STUART HUMAN RESOURCES           :
CONSULTANCY (SHANGHAI) CO. LTD., a       :
Wholly Foreign-Owned Enterprise          :    17cv2195(DLC)
organized under the laws of the          :
People's Republic of China,              :    OPINION AND ORDER
                                         :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
AMERICAN INDUSTRIAL ACQUISITION          :
CORPORATION, a Delaware corporation,     :
                                         :
                    Defendant.           :
                                         :
-----------------------------------------X

APPEARANCES:

For the Plaintiff:
Vivek Jayaram
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603

For the Defendant:
Oliver E. Twaddell
Goldberg Segalla
711 3rd Avenue
19th Floor
New York, NY 10022

DENISE COTE, District Judge:

Defendant American Industrial Acquisition Corporation ("AIAC") has moved to dismiss this diversity action on the grounds of lack of personal jurisdiction, failure to join an indispensable party, and forum non conveniens. For the

following reasons, the motion is to dismiss on the ground of <u>forum non conveniens</u> is conditionally granted.

## **Background**

This is a breach of contract case. The following facts are taken from the Amended Complaint and the parties' submissions. They are undisputed except when noted.

Spencer Stuart Human Resources Consultancy (Shanghai) Co. Ltd. ("Spencer Stuart") is an executive search firm based in China. On April 13, 2016, Spencer Stuart entered into an agreement with AIAC and a non-party, Allegion China, to perform executive searches for the benefit of Bocom Wincent, a Chinese company that AIAC and Allegion China owned. The agreement was negotiated, executed and was to be performed in China. Spencer Stuart claims that it performed the services required under the agreement, and was partially paid for those services, but has been unable to collect its last four invoices, totaling approximately $160,000. AIAC contests whether Spencer Stuart adequately performed under the agreement, and claims that the agreement had been canceled.

AIAC, a Delaware corporation, denies that personal jurisdiction exists over it in New York. The following facts bear on the jurisdictional inquiry. According to Brandon Stewart, a Vice President at AIAC, AIAC does not own or lease

2

office space, solicit business, pay taxes, hold itself out as having a principal place of business in, or have any employees that live or work in New York. Stewart further states that the agreement at issue in this case was negotiated by AIAC's Asia location, and not any location it may have in the United States.

Spencer Stuart disputes Stewart's representations. It has submitted evidence showing that AIAC's own website lists its address as 250 Park Avenue, New York, New York. Spencer Stuart has also submitted other evidence tending to show that AIAC has its principal place of business in New York, including: (1) evidence purporting to show that when AIAC's listed telephone number is called, the representative who answers states that AIAC is located at 250 Park Avenue; and (2) certain LinkedIn pages tending to show that a number of AIAC employees live in or around New York City.

Statements that AIAC has made in other litigations tend to connect it to New York City. The Court takes judicial notice of two documents filed in the United States Bankruptcy Court for the Northern District of New York, apparently filed on behalf of AIAC, in which AIAC represented that it had an address of 250 Park Avenue, New York, New York. See In re Endicott Interconnect Technologies, Inc., Dkt. 141, Dkt. 188 at 6 (Bankr. N.D.N.Y. Aug. 15, 2013). It also appears that, according to a

3

deposition taken in a case in the Eastern District of Michigan, the Chairman of AIAC, Leonard Levie, responded to the question "Where is AIAC's main office?," with "AIAC maintains a shared office arrangement at that 250 Park Avenue location."  See Grammer Indus., Inc. v. Beach Mold & Tool, Inc., No. 2:15-cv-12694-PDB-RSW, Dkt. 150-2 at 16 (E.D. Mich. Aug. 21, 2017).

**Procedural History**

On March 27, 2017, Spencer Stuart filed this action against AIAC and an Irish corporation, Allegion, PLC ("Allegion"), which is apparently the parent corporation of Allegion China.  On May 31, AIAC answered and asserted an affirmative defense of lack of personal jurisdiction.  A June 2 Order required Spencer Stuart to show cause why the case should not be dismissed for lack of subject matter jurisdiction in view of Allegion's presence in the case, because "diversity is lacking where . . . on one side there are citizens and aliens and on the opposite site there are only aliens."  In re Arab Bank PLC Alien Tort Statute Litig., 808 F.3d 144, 160 (2d Cir. 2015) (citation omitted).  On June 9, Spencer Stuart submitted a response to the Order, and in the alternative, filed an amended complaint which removed Allegion as a defendant.  On June 14, an Order dismissed the case against Allegion for lack of jurisdiction, and accepted the June 9 amended complaint as the operative complaint in this action.

4

AIAC's June 9 motion to dismiss the original complaint is treated as filed against the amended complaint. The motion became fully submitted on August 3.

## Discussion

### I. Personal Jurisdiction

Spencer Stuart contends that AIAC's motion, to the extent it concerns personal jurisdiction, is untimely, because AIAC had answered prior to moving to dismiss. The Federal Rules of Civil Procedure require that a motion based upon any of the defenses under Rule 12(b), including motions under Rule 12(b)(2) for lack of personal jurisdiction "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). "A motion based upon Rule 12(b)(2) is therefore untimely when it is served after the answer." Tyco Int'l Ltd. v. Walsh, No. 02cv4633, 2003 WL 553580 at *2 (S.D.N.Y. Feb. 27, 2003). AIAC's motion is untimely because it had answered prior to filing its motion to dismiss the complaint.

In response, AIAC argues that its motion should be considered timely because Spencer Stuart later amended its complaint, which AIAC asserts "revived" its right to file a Rule 12(b) motion. But that argument fails in light of Gilmore v. Shearson/American Express, Inc., 811 F.2d 108, 112 (2d Cir. 1987), overruled on other grounds by Gulfstream Aerospace Corp.

5

v. Mayacamas Corp., 485 U.S. 271 (1988). Gilmore holds that "[a]lthough an amended complaint ordinarily supercedes the original pleading, it does not automatically revive all of the defenses and objections that a defendant has waived in response to the original complaint." Id. In particular, "the Rule 12 defenses of lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service, if waived by the defendant's failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint." Id. Although AIAC has waived its right to file a Rule 12 motion raising lack of personal jurisdiction, it has not lost its right to contest jurisdiction.

Because AIAC pleaded the lack of personal jurisdiction as a defense, AIAC can obtain review of this defense in two ways. "There are generally three means by which a party may challenge venue or personal jurisdiction: (1) a timely motion under Rule 12(b), Fed. R. Civ. P., (2) a motion under Rule 56, Fed. R. Civ. P., or (3) a request for adjudication of disputed jurisdictional facts, either at a hearing pursuant to Rule 12([i]), Fed. R. Civ. P., or in the course of a trial on the merits."[1] Tyco,

---

[1] The former Rule 12(d), Fed. R. Civ. P., was recodified in 2007, and is now Rule 12(i), Fed. R. Civ. P. See Charles Alan Wright and Arthur R. Miller, 5C Fed. Prac. & Proc. § 1373 (3d ed.

2003 WL 553580 at *2. Although the untimeliness of AIAC's motion means that the first option is unavailable, Rule 56 or Rule 12(i) would remain possibilities following discovery.

**II.  Failure to Join an Indispensable Party**

AIAC also seeks dismissal of this action under Rule 12(b)(7), Fed. R. Civ. P, contending that Allegion is an indispensable party under Rule 19(b), Fed. R. Civ. P., and cannot be joined because its presence would defeat diversity jurisdiction.  Rule 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party.  Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000); Fed. R. Civ. P. 19(b).  First, the court must determine whether an absent party is a "necessary" party under Rule 19(a).  A party is "necessary" under Rule 19(a) where:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
> > (i)  as a practical matter impair or impede the person's ability to protect that interest or
> >
> > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or

2017).

>                    otherwise inconsistent obligations by
>                    reason of the claimed interest.

Fed. R. Civ. P. 19(a).

If a court makes a threshold determination that a party is necessary under Rule 19(a), and determines that joinder of the absent party is not feasible, then the court must determine whether the absent party is "indispensable" under Rule 19(b). Fed. R. Civ. P. 19(b). Rule 19(b) provides that:

> The court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "The language of Rule 19(b) leaves the district court with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984) (citation omitted).

Although Allegion may qualify as a necessary party, it is not indispensable. Under Rule 19(a), all parties to a contract are generally regarded as necessary parties, particularly when issues such as cancellation of the agreement are at issue. See MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 386-87 (2d Cir. 2006); Global Discount Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708-09 (S.D.N.Y. 1997) (collecting cases). And Allegion cannot be joined as a defendant under Rule 19 without destroying this Court's subject matter jurisdiction. But Allegion is not indispensable under Rule 19(b). On the most important factor, prejudice, there is unlikely to be prejudice to Allegion or the current parties from either a damages judgment against AIAC, or a finding that the contract had been canceled, when there is no suggestion that additional services are likely to be performed under the agreement. A damages judgment against AIAC would completely satisfy Spencer Stuart's request for relief. And even though Spencer Stuart does have other remedies if this case were dismissed for nonjoinder, that factor alone does not justify dismissal under Rule 19(b). Therefore, AIAC's motion to dismiss for failure to join an indispensable party is denied.

### III. Forum Non Conveniens

Finally, AIAC seeks dismissal of this action under the doctrine of <u>forum non conveniens</u>, in favor of litigation of the case in China. The framework for analyzing a <u>forum non conveniens</u> motion is well established. "The decision to dismiss a case on forum non conveniens grounds lies wholly within the broad discretion of the district court." <u>Iragorri v. United Technologies Corp.</u>, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (citation omitted).

First, the district court determines the "degree of deference properly accorded the plaintiff's choice of forum." <u>Norex Petroleum Ltd. v. Access Indus., Inc.</u>, 416 F.3d 146, 153 (2d Cir. 2005). Although there is a "strong presumption in favor of the plaintiff's choice of forum," <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255 (1981), the presumption is entitled to less weight when a foreign plaintiff chooses a United States forum. <u>Id.</u> at 255-56. This is because the "central purpose of any <u>forum non conveniens</u> inquiry" is "to ensure that the trial is convenient," <u>id.</u> at 256, and "when a foreign plaintiff chooses a U.S. forum, it is much less reasonable to presume that the choice was made for convenience." <u>Iragorri</u>, 274 F.3d at 71 (citation omitted). Even a foreign plaintiff, however, can choose to sue in a United States court for "legitimate reasons"

10

and those reasons are to be accorded some deference. See <u>Bigio v. Coca-Cola Co.</u>, 448 F.3d 176, 179 (2d Cir. 2006). Among these legitimate reasons include: "'[1] the convenience of the plaintiff's residence in relation to the chosen forum, [2] the availability of witnesses or evidence to the forum district, [3] the defendant's amenability to suit in the forum district, [4] the availability of appropriate legal assistance, and [5] other reasons relating to convenience or expense.'" <u>Norex,</u> 416 F.3d at 155 (quoting <u>Iragorri</u>, 274 F.3d at 71-72). Illegitimate reasons include "'[1] attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, [2] the habitual generosity of juries in the United States or in the forum district, [3] the plaintiff's popularity or the defendant's unpopularity in the region, or [4] the inconvenience and expense to the defendant resulting from litigation in that forum.'" <u>Id.</u> (quoting <u>Iragorri</u>, 274 F.3d at 72).

Second, the district court "considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute." <u>Id.</u> at 153. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." <u>Id.</u> at 157 (citation omitted).

Finally, at step three, the district court "balances the private and public interests implicated in the choice of forum." Id. at 153. Even if the plaintiff's choice of forum is entitled to little deference and there is an adequate alternative forum, dismissal is not appropriate unless the "chosen forum is shown to be genuinely inconvenient and the selected forum significantly preferable." Iragorri, 274 F.3d at 74-75. The private interest factors include

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

Id. at 73-74 (citation omitted). The public interest factors the court may consider include: the administrative inefficiency in trying a case in a busy court and away from the locus of the injury; the burden that jury duty may impose on the community if the case is tried in a venue with no connection to the issues in dispute; a community's interest in having a local case decided at home; and the benefits to having a matter tried in the forum whose law will govern the case. Id. at 74.

Although Spencer Stuart is a foreign plaintiff suing in the United States, there is no indication that its reasons for suing in the United States were illegitimate. Spencer Stuart states

12

that it chose New York because it was led to believe that New York was AIAC's home forum, and it thought that it would have had difficulty convincing a Chinese court to accept jurisdiction over AIAC. Although AIAC now represents that it would voluntarily consent to jurisdiction in the Chinese courts, there is no indication that AIAC made that representation prior to Spencer Stuart bringing this action. Spencer Stuart's choice of forum is therefore entitled to deference.

Spencer Stuart does not contend that China is an inadequate alternative forum. AIAC represents that it is amenable to service of process in the Chinese courts, and that China permits litigation over the subject matter of this dispute. Therefore, AIAC has proposed an adequate alternative forum.

At step three, the private and public interest factors favor litigation of this case in China. On the face of the agreement, there are five named individuals, two of which appear to reside in China (the Spencer Stuart employees), one in Miami, Florida (Stewart), one in Singapore, and one in Europe. It is undisputed that the services contemplated by the agreement were to be performed primarily in China. AIAC also asserts, without contradiction, that important witnesses related to adequacy of performance of the contract are based there. And Spencer Stuart

does not dispute that the records and papers related to the negotiation, execution, and performance of the contract are based in China.  Therefore, the applicable private interest factors weigh in favor of China.

The public interest factors also weigh in favor of China.  Some of the public interest factors are neutral: for instance, this case will have no meaningful impact on court congestion, and because a jury has not been demanded, there will be no burden on the local community in having the case heard in New York.  But AIAC argues, without contradiction, that under New York choice of law principles, Chinese law will likely govern this dispute, a factor that weighs heavily in a <u>forum non conveniens</u> determination.  Although the possibility of needing to apply foreign law, standing alone, does not justify dismissal, it does complicate adjudication of the dispute in New York.  <u>See</u> <u>Piper Aircraft</u>, 454 U.S. at 251 ("The doctrine of <u>forum non conveniens</u> . . . is designed in part to help courts avoid conducting complex exercises in comparative law.")  And China, which is the undisputed site of negotiation, contracting, and performance of the underlying agreement, has a meaningful interest in hearing this dispute, whereas the United States and New York have, at best, a weak interest.

14

Therefore, the private and public interest factors, which favor China, substantially outweigh the deference due to Spencer Stuart's choice of forum.  The dispute is China-centric, its resolution will likely involve application of Chinese law, and Spencer Stuart's primary reason for choosing the United States as its preferred forum -- although legitimate -- is no longer decisive in light of AIAC's promise to subject itself to the jurisdiction of the Chinese courts.  The case is therefore subject to dismissal on the ground of <u>forum non conveniens</u>.

The dismissal of this case on <u>forum non conveniens</u> grounds is subject to conditions to ensure that the case is eventually heard on the merits.  AIAC must agree to accept service and submit to the jurisdiction of the Chinese courts, and waive any statute of limitations defense that may have arisen since the filing of the present action.  The parties shall submit an agreement to litigate in China implementing these conditions in accordance with the accompanying scheduling order.

## **Conclusion**

The June 9, 2017 motion to dismiss is conditionally granted.

Dated:   New York, New York
         October 12, 2017

```
                              _____
                                    DENISE COTE
                              United States District Judge
```